# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Heather Vanden Berk, | Court File No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| The Home Depot, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Heather Vanden Berk, by and through her counsel, makes the following allegations based upon her personal knowledge, and upon information and belief, as well as upon her attorneys' investigation, and alleges as her complaint against Defendants as follows:

## JURISDICTION

1. This Court has subject-matter jurisdiction over this action pursuant to provisions of 28 U.S.C § 1332. Plaintiff is a citizen and resident of Brooklyn Park, Minnesota and Defendant Home Depot has its principal place of business in Atlanta, Georgia. The Defendant sells, services and maintains its products throughout the United States, including Minnesota, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District and Defendants knowingly conducted business in this District.

## PARTIES

3. Plaintiff Heather Vanden Berk, a resident of the City of Brooklyn Park, County of Hennepin, State of Minnesota.

4. Defendant Home Depot is a corporation with its principal place of business in Atlanta, Georgia. Defendant Home Depot is a home improvement retailer and has multiple stores all over the United States. Defendant Home Depot routinely does business in Minnesota.

## FACTS GIVING RISE TO THE CLAIM

5. On May 24, 2018, Plaintiff was a customer at Home Depot and was purchasing mulch. Customers are required to carry their own mulch for purchase. Plaintiff had purchased several bags of Scotts mulch and was told she had to get the mulch outside on of the store on her own and was required to walk across an empty pallet in order to get to the bags of mulch.

6. When getting a bag of mulch, Plaintiff walked across a pallet to get to her purchased mulch. While doing so, a pallet board broke causing her to fall backward with her foot to caught in the pallet, thereby severely breaking her ankle, causing her to have a severe and permanent ankle and lower extremity injury.

7. Home Depot sold the product to its customers from its garden center and required the customers to pick up their own bags of mulch after purchase.

## DEFENDANT'S HOME DEPOT'S NEGLIGENCE

8. Defendant Home Depot sold product in which it required its customers to load their own mulch from an area outside their store. The way Defendant had the mulch set up required customers who purchased this mulch to get their own mulch and walk across or step on pallets to reach the mulch.

9. Corporation undertook a duty to inspect and maintain the area and thus had a duty to inspect and maintain the area to make sure its customers were not required to be put in an unreasonably dangerous position or to have to encounter such conditions and to assure it was safe for foreseeable users like Plaintiff.

10. Defendant Home Depot was negligent as is employees, managers and staff failed to properly inspect, supervise, maintain, oversee, monitor, repair and/or service the area where the mulch was positioned making it dangerous for foreseeable users.

11. Defendant Home Depot knew or should have known that its failure to properly inspect, supervise, maintain, oversee, monitor, service, repair and/or service the subject area would be dangerous to foreseeable users, including Plaintiff.

12. Defendant Home Depot had a duty to remove empty pallets from the area, so that its customers would not be required or forced to walk over the pallet in order to get the product being sold by Home Depot.

13. Defendant Home Depot also failed to offer assistance to customers in retrieving and loading purchased items into to their cars, including Plaintiff.

14. Defendant Home Depot was also negligent for failing to inspect the pallet, if it does not remove the pallet from the area where customers are required to go to obtain

bags of mulch for purchase.

15. Defendant Home Depot also set up the mulch in a manner than made it impossible for a customer to get to the mulch once the first pallet of this color mulch was empty that prevented customers from being able to go to either side of the pallet or the back side to remove mulch from the next pallet. This decision to set up the mulch in the way done was a negligent decision as it left customer no option but the walk over the empty pallet once the mulch from the first pallet was gone.

16. Defendant Home Depot failed to recognize its decision of how it organized the pallets of mulch made it dangerous for customers unless the middle empty pallets were removed immediately after it was empty. Defendant's failure to recognize this problem its display of the pallets without prompt removal of an empty pallet put its customers at risk and constitutes negligence.

17. Defendant Home Depot also failed to monitor the sales of mulch which would have made it known when the pallets of mulch were likely to be getting empty which would have given them notice that the pallets of mulch need to be emptied and removed.

18. Defendant Home Depot's negligent actions and inactions, as discussed above, and with the knowledge known to date, were the direct cause of the permanent and disabling injuries to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant awarding the following:

1. A monetary award, well in excess of $75,000, sufficient to compensate Plaintiff for the following categories of damages:

   a. General damages for past, present and future disability, physical pain, mental suffering, emotional distress, inconvenience, and loss of the enjoyment of life;

   b. Past, present, and future damages for costs of medical and rehabilitative treatment and care;

   c. Damages for loss of Plaintiff's lost wages and loss of earning capacity;

2. Plaintiff's cost of this action, together with interest on past and future special and general damage amounts from the date of injury at the legal rate until paid, interest on any judgment awarded herein at the left rate until paid, and such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY

PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.

Dated: 4/5/21

TSR Injury Law

By: _____
Richard A. Ruohonen (#0270350)
7760 France Ave. S., Suite 820
Bloomington, MN 55435
Phone: 952-832-3590
Fax:   952-835-8900
Email: rich@tsrinjurylaw.com